UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Rajni Nattle Shaw,

                Petitioner,

vs.                                REPORT AND RECOMMENDATION

Stillwater Prison,

                Respondent.       Civ. No. 09-2456 (PAM/RLE)

* * * * * * * * * * * * * * * * * * *

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(B), upon the Petition of Rajni Nattle Shaw for a Writ of Habeas Corpus under Title 28 U.S.C. §2254. For reasons which follow, we recommend that the Habeas Corpus Petition be dismissed as untimely.

## II. Factual and Procedural Background

The Petitioner commenced this action on September 11, 2009, by filing a Habeas Corpus Petition challenging his State criminal conviction for Aiding and Abetting Murder in the Second Degree. See, Petition, Docket No. 1, p. 2, ¶¶4-5.

According to the Petition, on November 12, 2003, the Petitioner was convicted, in Hennepin County District Court, and he was sentenced to 162 months in prison. Id. at p. 2, ¶¶1-3. He is presently incarcerated at the Minnesota Correctional Facility, in Stillwater, Minnesota.

A facial review of the Petition reveals that the Petitioner's Judgment of conviction became final more than one (1) year before his Petition was filed, and therefore, this action is time-barred under the one (1) year statute of limitations prescribed by Title 28 U.S.C. §2244(d)(1)(A). For this reason, on September 21, 2009, we issued an Order to Show Cause, in writing, why this action should not be summarily dismissed due to untimeliness. See, Order, Docket No. 6. We further advised the Petitioner that, if he failed to respond to our Order by October 16, 2009, we would recommend that his Habeas Corpus Petition be dismissed with prejudice.[1] Id.

---

[1] Our prior Order also required the Petitioner to demonstrate that he had fully exhausted all available State Court remedies, as to his current claims. The Petitioner did not specifically respond to that request. However, given our determination that the Petition is untimely, we find that it is unnecessary to address that issue further.

On October 19, 2009, the Petitioner filed a Response to our Order. See, Petitioner's Response, Docket No. 7.[2] His Response reveals that the Petitioner sought post-conviction relief on May 29, 2007, in the Hennepin County District Court, which was denied in September of 2008. Id. at pp.1-2. Thereafter, on November 17, 2008, the Defendant appealed to the Minnesota Court of Appeals. Id. at p. 2. On August 11, 2009, the Minnesota Court of Appeals affirmed his sentence and conviction. See, Docket No. 7-1, pp. 2-3. The Petitioner then filed the present Petition.

With the foregoing as our backdrop, we proceed to consider the timeliness of the Petitioner's request for Habeas relief.

III. Discussion

A. Standard of Review. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), effected several significant changes in the Federal Habeas Corpus statutes. One of those changes was incorporated into Title 28 U.S.C. §2244(d), which establishes a one (1) year statute of limitations for Habeas Corpus Petitions, which are filed by State prisoners who

---

[2]The Petitioner has anomalously called this a "Motion for Consideration." Whatever that term is meant to be, it appears to be in Response to our Order of September 21, 2009, so we treat it as such.

seek Federal Court review of a State Court conviction, or sentence. The Statute reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Title 28 U.S.C. §2244(d).

As a consequence, a State prisoner, who seeks Federal Habeas Corpus review from his State conviction or sentence, ordinarily must file his Petition within one (1) year after his Judgment of conviction "became final by the conclusion of direct review." Title 28 U.S.C. §2244(d)(1).

The Statute plainly provides, however, that the deadline can be modified if: 1) the prisoner is unable to file his Federal Habeas Corpus Petition in a timely manner because of an impediment that was imposed by the State; 2) the prisoner is relying on some newly recognized constitutional right that is retroactively applicable on collateral review; or 3) the prisoner is relying on some new evidence which could not have been reasonably discovered in time to file a timely Petition. See, Title 28 U.S.C. §2244(d)(1)(B)-(D).

The statute of limitations also includes a tolling provision, which stops the running of the one (1) year limitations period while the prisoner is pursuing a "properly filed" application for post-conviction relief in the State Courts. See, Title 28 U.S.C. §2244(d)(2). Our Court of Appeals has expressly held, however, that the period between the completion of the direct appeal process, and the application for post-conviction relief, is counted towards the one (1) year limitations period. See, Maghee v. Ault, 410 F.3d 473, 475 (8th Cir. 2005); Curtiss v. Mount Pleasant

Correctional Facility, 338 F.3d 851, 853-55 (8th Cir. 2003), cert. denied, 540 U.S. 1060 (2003); Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001).

B. Legal Analysis. Here, there is no indication that the State created any impediment which prevented the Petitioner from seeking Federal Habeas relief within the prescribed one (1) year limitation period, nor is there any showing that the Petitioner's claims are based upon any newly-recognized (and retroactively applicable) constitutional right, or upon any new evidence that could not have been discovered in time to file a timely Petition. Thus, the one (1) year statute of limitations began to run, here, pursuant to Section 2244(d)(1)(A), when the Petitioner's Judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."

The Petitioner is challenging a Judgment which was entered on November 12, 2003. See, Petition, supra at p. 2, ¶2. Since the Petitioner did not pursue a direct appeal, that Judgment became final, for purposes of the statute of limitations, upon "the expiration of the time for seeking such review." Title 28 U.S.C. §2244(d)(1)(A). According to Rule 28.02, Subdivision 4(3), Minnesota Rules of Criminal Procedure, "[a]n appeal by a defendant shall be taken within 90 days after final judgment or entry of the order appealed from in felony and gross misdemeanor cases * * *." As a result,

the deadline for seeking direct appellate review of the Petitioner's conviction, and sentence, was ninety (90) days after the entry of Judgment -- that is, on February 10, 2004 -- which is the date on which the Judgment in the Petitioner's case became final, and resultantly, that was the date on which the one (1) year statute of limitations began to run for Habeas review. The Petitioner did not file his present Petition until September 11, 2009, which was more than five (5) years after the one (1) year statute of limitations began to run. Therefore, this action is plainly time-barred, unless the statute was tolled.

As we have detailed, the Habeas Corpus statute of limitations is tolled, pursuant to Section 2244(d)(2), when a prisoner properly commences a post-conviction action in a State Court. The statute remains tolled during the entire period of time, when such post-conviction proceedings pend before that State Court, including the State Appellate Courts. See, Bishop v. Dormire, 526 F.3d 382, 383 (8th Cir. 2008); Williams v. Bruton, 299 F.3d 981, 983 (8th Cir. 2002); Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999).

The Petitioner represents that he filed a Post-Conviction Motion in State Court, on May 29, 2007. See, Petitioner's Response, supra at p.1. As a consequence, the Motion for Post-Conviction relief was filed more than two (2) years after Judgment

was entered.[3] By that time, however, the one (1) year statute of limitations for seeking Federal Habeas Corpus relief had already expired.

Since the statute of limitations, for any Federal Habeas review, had already expired before the Petitioner filed his Post-Conviction Motion in State Court, that Motion did not toll the one (1) year statute of limitations. See, Jackson v. Ault, 452 F.3d 734, 735-736 (8th Cir. 2006), cert. denied, 549 U.S. 1123 (2007)("The one year AEDPA limit for federal habeas filing cannot be tolled after it has expired."), citing Curtiss v. Mount Pleasant Correctional Facility, supra at 853; see also, Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000), cert. denied, 531 U.S. 991 (2000) (holding that a State Post-Conviction Motion, which is filed after the Section 2244(d)(1) statute of limitations has expired, cannot toll the statute "because there is no period remaining to be tolled"); Cuypers v. Symmes, 2007 WL 1219306 at *3 (D. Minn., April 24, 2007)("[I]f a petitioner fails to initiate state court proceedings until after the one-year statute of limitations expires, then subsequent state post-conviction proceedings will not toll the statute of limitations because there is no federal limitations period remaining to toll."), citing Painter v. Iowa, supra at 1256. Simply

---

[3]Under Minnesota law, Post-Conviction Motions must be filed within two (2) years after "the entry of judgment of conviction or sentence if no direct appeal is filed." Minnesota Statutes Section 590.01, Subdivision 4(a)(1).

put, the tolling provision is irrelevant here, because the Federal statute of limitations expired before the Petitioner filed his Post-Conviction Motion in State Court.[4]

In sum, we previously advised the Petitioner that, if he failed to demonstrate that his Petition was not time-barred, we would recommend that this action be summarily dismissed with prejudice. In response, the Petitioner has not offered any explanation that would undermine the conclusion we now reach, namely, that the Petition is untimely, and therefore, we recommend that the Petition be dismissed with prejudice.

NOW, THEREFORE, It is --

---

[4]The Petitioner may erroneously believe that his post-conviction Motion did not merely toll the running of the statute, but somehow "reset the clock," by giving him a fresh one (1) year limitations period in which to seek Federal Habeas review. However, that is simply not the case. "Section 2244(d)(2) only stops, but does not reset, the [AEDPA] clock from ticking and cannot revive a time period that has already expired." Cordle v. Guarino, 428 F.3d 46, 48 n. 4 (1st Cir. 2005)[citations omitted]; see also, Finch v. Miller, 491 F.3d 424, 426 (8th Cir. 2007)("To extend the limitations period, the state post-conviction application must be properly filed."), and citing Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005), for the proposition that "If the state court rejected petitioner's post-conviction application 'as untimely, it was not "properly filed," and he is not entitled to statutory tolling under §2244(d)(2).'"

RECOMMENDED:

1. That the Petition for Writ of Habeas Corpus [Docket No. 1] be DISMISSED with prejudice.

2. That the Application for leave to proceed in forma pauperis [Docket No. 2] be DENIED, as moot.

Dated: November 17, 2009             *s/Raymond L. Erickson*
                                     Raymond L. Erickson
                                     CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties by no later than **December 7, 2009**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than December 7, 2009**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.